

Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 50070 | **DATE** | 8/7/2003 |
| **CASE TITLE** | PLETTNER vs. DIRECTOR INTERNAL REVENUE SERVICE | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, the IRS's motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | AUG - 8 2003 | |
| | Notified counsel by telephone. | | date docketed | 10 |
| | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. ✓ | CLERK | 8-8-03 | |
| /SEC | courtroom deputy's initials | 03 AUG -7 PM 4:26 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff Harry Plettner's dealings with the IRS began in June of 1992, when he received a letter from the IRS notifying him of the proposed federal tax assessments against him pursuant to Section 6672 of the Internal Revenue Code ("IRC"). In this letter the IRS explained that as a responsible person of Ambassador Wines, Ltd., who willfully failed to collect, or truthfully account for and pay over income and Federal Insurance Contributions Act (FICA) taxes withheld from the wages of employees for the tax periods up until June 30, 1990, Plettner was liable for the unpaid taxes. In a letter dated July 20, 1992, Plettner protested the assessment and claimed he was not a "responsible person" because he ended his association with Ambassador Wines before the tax problems occurred. The IRS did not believe Plettner's claims, and on March 8, 1993, informed him that a 100% penalty was assessed against him and he would be billed for any amount withheld by Ambassador Wines between January 1, 1990 and July 31, 1990. In July of 1997, Plettner filed a claim for refund and request for abatement, which was also denied. Finally, in November of 2001, the IRS informed Plettner that a federal tax lien would be filed if he did not pay his federal tax bill. Plettner requested a collection due process hearing, stating that he was not responsible for the tax bill because he was not involved with Ambassador Wines during the dates at issue. Plettner was informed that, under IRC § 6330(c)(2), he was not permitted to raise the issue of liability since it had already been addressed and determined at an earlier stage. On January 23, 2003, Plettner received a Notice of Determination, which informed him he had 30 days to file a complaint in District Court for a redetermination. Plettner filed a complaint in this court on February 24, 2003, appealing the decision made by the IRS Appeals Office. The IRS responded with a motion to affirm the determination concerning collection action or, in the alternative, to dismiss Plettner's complaint for lack of jurisdiction.

Section 6330 of the IRC defines the bounds of this court's jurisdiction to review a determination issued by the IRS Appeals division. Jurisdiction is limited to issues properly raised and considered during the collection due process hearing. 26 U.S.C. § 6330(d)(1)(B). See also Maton v. Commissioner of Internal Revenue, No. 02 C 6609, 2003 U.S. Dist. LEXIS 5928, at *6 (N.D. Ill. April 9, 2003), Konkel v. Commissioner of Internal Revenue, No. 6:99-CV-1026-ORL-31C, 2000 U.S. Dist. LEXIS 20709, at *7-8 (M.D. Fla. Nov. 6, 2000). IRC § 6330(c)(2) states "In general. The person may raise at the hearing any relevant issue relating to the unpaid tax or the proposed levy including -

> (B) Underlying liability. The person may also raise at the hearing challenges to the existence or amount of the underlying tax liability for any tax period if the person did not receive any statutory notice of deficiency for such tax liability <u>or did not otherwise have an opportunity to dispute such tax liability.</u>" (Emphasis added).

Plettner took advantage of his opportunity to dispute his liability, as evidenced by Form 3194, which Plettner attached to his complaint. Form 3194 plainly states "[y]ou raised the issue of the underlying liability. However, pursuant to IRC 6330(c)(2), you previously received a prior opportunity to appeal." Plettner does not dispute these conclusions in his complaint. The IRS determined that despite his claims to the contrary, Plettner was a "person of responsibility." Consequently, the IRS properly refused to address the issue of liability at the collection due process hearing. Since this court is only entitled to review those issues that were properly examined at the due process collection hearing and Plettner's complaint addresses the issue of liability, which the IRS refused to reexamine, there is no jurisdiction.

For the reasons stated above, the IRS's motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

AO 450(Rev. 5/85)Judgment in a Civil Case

# United States District Court
## Northern District of Illinois
### Western Division

Harry Plettner                      **JUDGMENT IN A CIVIL CASE**

v.                                  Case Number: 03 C 50070

Department of Treasury - Internal Revenue Service

☐    Jury Verdict. This action came before the Court for a trial by jury. The issues have been tried and the jury rendered its verdict.

■    Decision by Court. This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

IT IS HEREBY ORDERED AND ADJUDGED that the IRS's motion to dismiss is granted. This case is dismissed in its entirety with prejudice.

FILED-WD
03 AUG -7 PM 4:29
CLERK
U.S. DISTRICT COURT

Michael W. Dobbins, Clerk of Court

Date: 8/7/2003                          /s/ Susan Wessman

Susan M. Wessman, Deputy Clerk